UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH WEISS,<br><br>                        Plaintiff,<br>vs.<br>EQUIFAX INFORMATION SERVICES, LLC,<br>                        Defendant. | Civil Action No.:<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Joseph Weiss ("Plaintiff") brings this action against defendant Equifax Information Services, LLC ("Equifax" or "Defendant"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

## NATURE OF THE ACTION

1. Defendant Equifax has been reporting information about Plaintiff's consumer background to numerous credit companies and persons, including information concerning Plaintiff's accounts issued by US Bank, N.A. ("US Bank") and Citibank N.A. ("Citi").

2. Plaintiff disputed information reported by Equifax concerning the US Bank and Citi accounts as inaccurate, which triggered Equifax's statutory obligations under the FCRA to conduct an investigation, mark the accounts as disputed, and update the reporting as necessary. Equifax, however, failed to do so.

3. Equifax thus violated the express provisions of the FCRA. Upon receiving a consumer's dispute, credit reporting agencies (such as Equifax) are legally required to conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the dispute and update the reporting as necessary with a notation marking the disputed account as disputed.

4. Plaintiff was later denied an extension of credit based on information contained in Plaintiff's Equifax reports, and has been forced to deal with aggravation and humiliation of credit denial and a poor credit score. Accordingly, Plaintiff is entitled to damages.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, and, because Defendant conducted and continues to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District, Defendant is subject to personal jurisdiction in this District.

## PARTIES

**Plaintiff**

7. Plaintiff is a resident of Brooklyn, New York, and qualifies as a "consumer" as defined and protected by the FCRA. *See* 15 U.S.C. § 1681a(c). Plaintiff is an individual and not an entity.

**Defendant**

8. Defendant Equifax is a foreign corporation that regularly conducts business in this District. Equifax qualifies as a "consumer reporting agency" under the FCRA.

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

9. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that

consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. 1681a.

10. To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must assure maximum possible accuracy of information when preparing consumer reports, and set up reasonable procedures to maintain compliance with this standard; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute, mark the disputed account as disputed, and update and/or correct the reporting of the account, as necessary.

11. Plaintiff has a legally protected interest in Equifax fulfilling its duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

**Equifax Violated the FCRA and Damaged Plaintiff**

12. On or about January 26, 2020, Plaintiff disputed Equifax's reporting of account balance information, past due amounts, and payment history information on Plaintiff's accounts issued by US Bank and Citi.

13. Specifically, two of Plaintiff's Citi accounts were charged off and closed.

14. According to leading industry guidance, the decision to charge off an account impacts how a credit bureau must report the information reported in the "Amount Past Due" field. Specifically, the amount reported in the "Amount Past Due" field must mirror the balance reported on the date of the charge off.

15. However, Equifax reported an Amount Past Due on Plaintiff's Citi accounts that differed from the balance reported on the date of the charge off.

16. This reporting was materially misleading because it created the misleading impression that the accounts were still open, when that was not the case.

17. In addition, Plaintiff's dispute letter disputed Equifax's reporting of balance information, past due amounts, and payment history information on two of Plaintiff's US Bank accounts as inaccurate.

18. The receipt of Plaintiff's dispute letter triggered Equifax's obligations to conduct an investigation, mark the Citi and US Bank accounts as disputed and update and/or correct the reporting as necessary.

19. Equifax, however, failed to conduct an investigation, failed to mark the accounts as disputed and failed to update and/or correct the reporting as necessary.

20. Plaintiff was later denied an extension of credit based on information contained in Plaintiff's Equifax report.

21. Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of credit denial and a low credit score.

22. Accordingly, Plaintiff is entitled to damages.

## CAUSES OF ACTION

### COUNT I

**Against Equifax for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i**

23. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

24. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports, as follows:

>Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates.

15 U.S.C. §1681e(b).

27. Upon receiving a consumer's dispute, credit reporting agencies are legally required to conduct an investigation and correct the disputed information contained in the report, as follows:

>. . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency ***is disputed by the consumer***, and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information***, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. §1681i(a)(1).

26. Credit reporting agencies are further required to provide prompt notice of the consumer's dispute to the furnisher of the disputed information, as follows:

>***Before the expiration of the 5-business-day period*** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), ***the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person***. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

15 U.S.C. §1681i(a)(1) (emphasis added).

27. Equifax failed to follow reasonable procedures to ensure maximum possible accuracy of the information reported on Plaintiff's credit reports. Although Plaintiff disputed the inaccurate information in writing as inaccurate, Equifax willfully, or at least negligently, failed to perform a reasonable investigation, failed to mark the disputed accounts as disputed, and failed to update and/or correct the reporting of the accounts as necessary.

5

28. Equifax's willful and/or negligent failure to follow reasonable policies and procedures to meet its obligations under the FCRA was a direct and proximate cause of Plaintiff's injury.

29. As a result of Equifax's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

A. awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

B. awarding attorney's fees and costs, and other relief; and

C. awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial for all claims so triable.

DATED: November 6, 2020 **COHEN & MIZRAHI LLP**

                                                                           */s/ Edward Y. Kroub*
EDWARD Y. KROUB
MOSHE O. BOROOSAN
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
edward@cml.legal
moshe@cml.legal

*Attorneys for Plaintiff*